

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 13, 1939

Honorable Tom F. Coleman, Jr.
County Attorney
Lufkin, Texas

Dear Sir:

Opinion No. 0-361

Re: Whether continued employment of a school district superintendent who has married a trustee's daughter is violation of Nepotism Statute.

You advise that subsequent to the making of his contract of employment, a superintendent of a common school district has married the daughter of one of the trustees of the school district. You ask our opinion as to whether there is any violation of the Nepotism Statute in continuing to pay his salary.

Article 432, Penal Code, provides that "No officer . . . of any . . . school district . . . shall appoint, or vote for, or confirm the appointment to any office, position . . . of any person related within the third degree," etc.

Article 435, Penal Code, reads as follows:

"No officer or other person included within the third preceding article shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person, knowing him to be so ineligible."

We have been unable to find and believe there are no cases reported which determine this point under the Texas statutes. However, bearing in mind the main purpose of the Nepotism Statute, we are quite certain that no violation of the above statutes is here involved. The main purpose of such statutes is to remove the temptation to employ close relatives, thus eliminating kinship to the employing or appointing persons and boards as an element of

Hon. Tom F. Coleman, Jr., March 13, 1939, Page 2.

competition. Otherwise, in too many instances the position of employment would be awarded to a needy relative rather than to another person who actually possessed more satisfactory qualifications. Needless to say the public would suffer.

Here the employment was made at a time when the relationship did not exist and therefore did not induce or contribute to inducing the employment.

Article 436 refers to Article 432, and forbids paying an ineligible officer or person.

The superintendent is not ineligible under Article 432, and therefore Article 435 does not forbid paying him. The above question is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:N

APPROVED

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS